J-S56027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON WAYNE JOHNSON | |
| Appellant | No. 433 MDA 2015 |

Appeal from the Judgment of Sentence January 13, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004786-2013

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 06, 2015**

Appellant Brandon Wayne Johnson appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas following his jury trial conviction for delivery of a controlled substance, marijuana.[1] We affirm.

On August 31, 2012, Trooper Jon Mearkle assisted in arranging a controlled buy between a confidential informant ("CI") and Appellant.  N.T., 1/12-13/15, ("N.T.") at 30-38.  The CI had informed Trooper Mearkle that he could buy pot from a person named "Brandon," who was later identified as Appellant.  N.T. at 30.  The CI contacted Appellant and drove to a parking

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

lot outside of an Adventure Sports store carrying $100.00 to purchase marijuana from Appellant. N.T. at 33, 34. Appellant arrived at the Adventure Sports parking lot as a passenger in a burgundy vehicle and parked near the CI. N.T. at 71. Appellant exited his vehicle, walked up to the CI's vehicle, and made a hand-to-hand exchange through the window. N.T. at 72-73. Appellant then returned to his vehicle and departed. N.T. at 74. Trooper Mearkle followed the CI from the parking lot to another location, where he determined that the CI now was in possession of marijuana and no longer had the $100.00. N.T. at 38.

The court conducted a jury trial on January 12 and 13 of 2015. Trooper Mearkle and Gary W. Flythe of the Dauphin County Drug Task Force testified for the Commonwealth. The Commonwealth also introduced photographic evidence of the transaction. The photographs did not depict the drugs and money changing hands. On cross-examination, Trooper Mearkle testified that the CI's goal in aiding in the transaction was to have criminal charges against him reduced. N.T. at 52.

On January 13, 2015, a jury convicted Appellant of delivery of a controlled substance. The same day, the court sentenced Appellant to one (1) to twelve (12) months' incarceration. On January 20, 2015, Appellant timely filed a post-sentence motion, which the court denied on February 3, 2015. On March 5, 2015, Appellant timely filed a notice of appeal. On March 10, 2015, the court ordered Appellant to file a concise statement of

errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and he timely complied on March 16, 2015.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-SENTENCE MOTION WHERE HIS CONVICTIONS WERE AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK ONE'S SENSE OF JUSTICE WHERE APPELLANT WAS NEVER SHOWN TO HAVE ENGAGED IN ACTS WHICH CONSTITUTE THE CRIME OF WHICH HE WAS CONVICTED?

Appellant's Brief at 4.

Appellant's issue challenges both the sufficiency of the evidence and the weight of the evidence. We must first address his challenge to the sufficiency of the evidence.

Appellant argues that "he was not shown to have delivered the controlled substance at issue". Appellant's Brief at 10. He claims that because the photographs do not depict him actually exchanging money and drugs with the CI, that the CI could have created a false transaction to reduce the charges against himself. Appellant submits the Commonwealth did not present enough evidence to prove that he delivered a controlled substance. We disagree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there

is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted of the following crime:

**§ 780-113. Prohibited acts; penalties**

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

Instantly, the jury was presented with enough evidence to find all of the elements of Appellant's delivery of a controlled substance offense

- 4 -

beyond a reasonable doubt. Specifically, the Commonwealth presented photographs of the hand-to-hand transaction between Appellant and the CI. Further, Detective Flythe testified that he witnessed the transaction, and Trooper Mearkle testified that the CI entered the exchange with $100.00 cash and returned with marijuana. The jury was free to believe this evidence, as it chose to do. Thus, Appellant's challenge to the sufficiency of the evidence fails. *See Hansley, supra.*

We now address Appellant's contention that the jury's verdict was contrary to the weight of the evidence. Appellant argues the jury should have credited Trooper Mearkle's testimony, on cross-examination, about how it was in the CI's best interest to participate in the drug transaction so that the Commonwealth would reduce criminal charges against him. He contends the jury's decision not to believe the possibility that the CI hid the money and the drugs in the car where Officer Mearkle could not find them and fabricated the transaction to implicate Appellant to have his own charges reduced was against the weight of the evidence. We disagree.

We review challenges to the weight of the evidence as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 741 A.2d 666, 672–73 (Pa.1999) [*cert. denied*, 121 S.Ct. 80, 148 L.Ed.2d 42

(U.S.2000)].  Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence.  Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa.2012) (some internal citations omitted).

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa.Super.2014).  Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013).  A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id.*  Instead, the trial court must examine whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.*  Only where the jury verdict "is so contrary to the evidence as

to shock one's sense of justice"[2] should a trial court afford a defendant a new trial. ***Id.***

Here, the jury chose to credit the Commonwealth's photographic evidence of the transaction along with the testimony of Trooper Mearkle and Detective Flythe. Although it is possible that the CI could have hidden drugs in the car and created a false transaction to reduce the charges against him, the jury's verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judge Shogan joins in the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015

---

[2] When "the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Cruz***, 919 A.2d 279, 282 (Pa.Super.2007) (internal citations omitted).